[No. 3321–2. Division Two. August 15, 1978.]

DAVID KRAACK, *Appellant*, v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 77, ET AL, *Respondents*.

*George W. Young,* for appellant.

*Michael E. De Grasse* and *Critchlow, Williams, Ryals & Schuster,* for respondents.

PETRIE, J.—Plaintiff, David Kraack, appeals from a judgment, entered after bench trial, dismissing his complaint against defendants for tortious interference with his employment. We affirm.

The trial court specifically found, and we accept as verities, the facts that defendant union and the named individuals as agents of the union caused plaintiff's employment to be terminated in March 1976; that defendant Amsbury made statements to the effect that plaintiff would never be permitted to become a member of the union; and that as a result of that discriminatory interference, plaintiff's earnings were diminished by $7,006.78. Thereupon, the trial court dismissed the complaint because the state court has been deprived of the power to entertain the plaintiff's action for damages.

The logical starting point in any discussion of the "preemption" doctrine in connection with a labor relations matter is *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 3 L. Ed. 2d 775, 79 S. Ct. 773 (1959). *Garmon* divides preemption into two major categories:

■ When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.

359 U.S. at 244, 3 L. Ed. 2d at 782, and

█ When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.

359 U.S. at 245, 3 L. Ed. 2d at 783.

█ In recent years the second branch of *Garmon,* "arguably subject to," has been limited in its application. *See Farmer v. United Bhd. of Carpenters & Joiners,* 430 U.S. 290, 51 L. Ed. 2d 338, 97 S. Ct. 1056 (1977); *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,* 436 U.S. 180, 56 L. Ed. 2d 209, 98 S. Ct. 1745 (1978). However, the first branch of *Garmon,* the "when it is clear" branch, has not been subjected to any exceptions.

In the case at bench, it is eminently clear that the union's activity constituted an unfair labor practice prohibited by section 8(b)(2) of the act. 29 U.S.C. § 158(b)(2). Additionally, section 10(c) of the act, 29 U.S.C. § 160(c), provides in part that the labor organization responsible for the discrimination suffered by an employee may be required to reimburse him for the amount of back pay lost by reason of that discrimination. When a union commits an unfair labor act against a nonmember by causing an employer, for an unlawful reason, to terminate his employment, a Board order which requires the union to make the employee whole to the extent of back pay lost will be enforced in court. *NLRB v. District Council of Painters, No. 52,* 363 F.2d 204 (9th Cir. 1966).

Accordingly, we conclude that the trial court's unchallenged findings demand the conclusion of law that exclusive jurisdiction vests with the National Labor Relations Board.

Judgment affirmed.

PEARSON, C.J., and SOULE, J., concur.

Reconsideration denied September 7, 1978.

Review denied by Supreme Court January 19, 1979.